UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SMART PHARMACY, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:21CV321 JCH |
| ) | |
| EXPRESS SCRIPTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon its review of the record. Plaintiffs filed their Complaint in this matter on March 12, 2021. After receiving an extension of time to answer or otherwise respond, Defendant Express Scripts, Inc. ("ESI") filed a Motion to Dismiss on May 12, 2021. On June 1, 2021, Defendant Lt. General Ronald J. Place, Director, Defense Health Agency ("Director"), filed a Joint Motion for a Briefing Schedule, requesting as follows:  (1) that Defendant Director have up to and including August 2, 2021, within which to answer or otherwise respond to Plaintiffs' Complaint; (2) that Plaintiffs have up to and including September 1, 2021, within which to respond to both Defendant Director's response and Defendant ESI's Motion to Dismiss; and (3) that Defendants Director and ESI have up to and including September 15, 2021, within which to reply to Plaintiffs' response. The Court granted Defendant Director's motion on June 2, 2021, and he filed his Motion to Dismiss on August 2, 2021, as directed.

- 1 -

On August 18, 2021, the Court entered an Order setting a Rule 16 Scheduling Conference for September 14, 2021. The parties were instructed to meet prior to that date, and to submit a Joint Proposed Scheduling Plan no later than September 6, 2021.

On August 26, 2021, Plaintiffs filed a Consent Motion for Extension of Time to respond to the pending Motions to Dismiss. Plaintiffs informed the Court that they were in the process of retaining new counsel, and thus requested that the Court (1) grant Plaintiffs until October 18, 2021, to respond to the Motions to Dismiss, and (2) re-set the September 14, 2021 Rule 16 Scheduling Conference to a time after new counsel had entered an appearance. The Court granted Plaintiffs' motion, and re-set the Rule 16 Scheduling Conference for October 25, 2021.

On September 7, 2021, Anthony J. Calamunci, Brian E. Dickerson, Donald H. Sanders, III, and Dillon C. Sanders (collectively "Counsel"), attorneys of record for Plaintiffs, filed a Motion to Withdraw as Counsel. Counsel asserted that irreconcilable differences had arisen between Plaintiffs and Counsel, and that Counsel was discharged from representation of Plaintiffs on August 22, 2021. Counsel thus had been prohibited from representing Plaintiffs' interests from the time of the discharge through the present day.[1] On October 7, 2021, Plaintiffs again received an extension of time to respond to the pending Motions to Dismiss, up to and including November 18, 2021.[2]

On November 15, 2021, Defendants filed a Joint Motion to Dismiss for Failure to Prosecute. Defendants noted that they spoke with Plaintiffs' current counsel the week of

---

[1] Counsel noted that although Plaintiffs apparently changed their minds, and expressed a desire for Counsel to remain in the case, Counsel was unable to do so due to irreconcilable differences.

[2] The Court further extended the deadline for submission of the Joint Scheduling Plan to November 16, 2021, and re-set the Rule 16 Scheduling Conference for November 29, 2021. To date, Plaintiffs have neither participated in preparing the Joint Scheduling Plan nor responded to the pending Motions to Dismiss.

November 1, 2021, and were informed that Plaintiffs had yet to find replacement counsel.[3] Defendants thus requested that the Court dismiss Plaintiffs' Complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as Plaintiffs had neither complied with the Court's Orders (to participate in filing a Joint Scheduling Plan and to respond to Defendants' Motions to Dismiss) nor made affirmative efforts to move the case forward.

## DISCUSSION

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation, as a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).

As noted above, in the instant case Counsel has indicated that irreconcilable differences have arisen between Counsel and Plaintiffs, such that continued representation is not possible. Upon consideration of Counsel's assertion, together with the events as outlined above, the Court will hold in abeyance Counsel's Motion to Withdraw as Counsel, and order Plaintiffs to obtain substitute counsel no later than December 20, 2021. If Plaintiffs fail to obtain substitute counsel within that time, the Court will grant Defendants' Joint Motion to Dismiss for Failure to Prosecute, and dismiss Plaintiffs' Complaint without prejudice. Counsel's Motion to Withdraw as Counsel will be granted when substitute counsel enters an appearance, or on December 21, 2021, whichever comes first.

---

[3] Plaintiffs' current counsel noted they lacked any authority to act on Plaintiffs' behalf, other than to request additional time.

- 3 -

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Counsel's Motion to Withdraw as Counsel (ECF No. 51) is **HELD IN ABEYANCE**, and the Court imposes a withdrawal notice period until **December 20, 2021**.

**IT IS FURTHER ORDERED** that Plaintiffs shall obtain substitute counsel no later than **December 20, 2021**. Plaintiffs' failure to do so will result in the Court's granting Defendants' Joint Motion to Dismiss for Failure to Prosecute.

**IT IS FURTHER ORDERED** that Plaintiffs' substitute counsel, if any, shall file an entry of appearance no later than **December 20, 2021**.

**IT IS FURTHER ORDERED** that on **December 21, 2021**, or upon the entry of substitute counsel for Plaintiffs, whichever comes earlier, the Court will issue an order granting Counsel's Motion to Withdraw as Counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to Plaintiffs via email and U.S. Mail, as follows: Smart Pharmacy, Inc., 3740 St. Johns Bluff Road, Ste. 19, Jacksonville, FL, 32224, email: greg@smartpharmacy.com and bill@smartpharmacy.com.

Dated this   19th   Day of November, 2021.

\s\  Jean C. Hamilton
UNITED STATES DISTRICT JUDGE