**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SMART PHARMACY, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:21-CV-321 RLW |
| ) | |
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Express Scripts, Inc.'s ("ESI") Motion to Dismiss. (ECF No. 29). Plaintiffs Smart Pharmacy, Inc. and SP2, LLC oppose the motion and it is ready for disposition. For the reasons below, the Court will grant ESI's Motion.

### Background

Plaintiffs are retail and compounding pharmacies located in Jacksonville, Florida. (ECF No. 82 at ¶¶ 1-2, 6). ESI is the pharmacy benefits manager for the Department of Defense's ("DOD") TRICARE program, which furnishes health care services to military personnel and their families. (ECF No. 95 at 1). The Defense Health Agency ("DHA") oversees the program for the DOD. *Id.* As the DOD's pharmacy benefits manager, ESI is tasked with evaluating claims from participating pharmacies and recouping erroneous payments made to those pharmacies. (ECF No. 82 at ¶¶ 12-16). In 2014, Plaintiffs entered into a Provider Agreement with ESI to provide prescriptions to TRICARE beneficiaries. (ECF No. 82 at ¶ 13; ECF No. 85).

On December 30, 2015, the DHA suspended reimbursements to Plaintiffs in connection with a Civil Investigative Demand ("CID") issued by the Department of Justice. (ECF No. 82 at ¶ 31; ECF No. 95 at 4). Despite the suspension, Plaintiffs were required to comply with "any

participation agreement[s]" with their patients. (ECF No. 82 at ¶ 39; ECF No. 82-3). The DHA extended the suspension on April 14, 2016, citing "a pattern of billing problems" and "medical necessity concerns." (ECF No. 82 at ¶ 40). The DHA lifted the suspension on June 30, 2017 (*Id.* at ¶ 49) but issued a second suspension just 13 days later "due to the inclusion of [members of Plaintiffs' leadership] in an investigation involving alleged attempts to defraud the government." (ECF No. 82 at ¶ 52; ECF 82-6). The DHA lifted the second suspension on February 4, 2019. (ECF No. 82 at ¶ 56). On October 31, 2019, the DHA issued a third suspension and informed Plaintiffs of its intent to exclude them from the TRICARE program for a period of 10 years "due to irregularities on prescription forms for claims submitted to TRICARE." (ECF No. 82-24).

Plaintiffs filed an appeal with the DHA on August 28, 2020. (ECF No. 82-31). As part of their appeal, Plaintiffs asserted, among other things, that: (1) Plaintiffs never submitted false or inaccurate claims; (2) the DHA never provided interim or final audit findings following a May 2019 audit; (3) the third payment suspension was improper; and (4) "Smart and ESI are immediately owed $7,291,006.00 from ESI on behalf of TRICARE beneficiaries for services rendered." *Id.* That appeal is ongoing.

Prior to the suspensions and resulting administrative appeal, Plaintiff Smart Pharmacy sued Medco Health Solutions, Inc. in the United States District Court for the District of New Jersey. *Smart Pharmacy, Inc., et al. v. Medco Health Solutions, Inc.*, No. 2:11-cv-6485-MCA-JBC (D.N.J.). In that lawsuit, Smart alleged, among other things, that Medco breached its contract with Smart Pharmacy by improperly recovering funds and underpaying for compound prescription claims. *Id.* ESI acquired Medco in April 2012 (*Id.;* Defendant's Corporate Disclosure Statement) and the parties settled the action in March 2015. *Id.*

In the present suit, Plaintiffs assert breach of contract in Counts I through III, arguing that ESI did not meet its obligations under: (1) Plaintiffs' Provider Agreements, (2) the ESI/Medco Settlement Agreement, and (3) the October 23, 2019 "letter agreement wherein ESI specifically offered to provide [Plaintiffs], amongst other things, an appellate process upon request." (ECF No. 82). Plaintiffs also assert claims for promissory estoppel (Count IV), negligence (Count V), negligent misrepresentation (Count VI), breach of duty of good faith and fair dealing (Count VII), and unjust enrichment (Count VIII). *Id.*

**Discussion**

ESI asserts that Plaintiffs' First Amended Complaint must be dismissed because Plaintiffs have not exhausted their administrative remedies. (ECF No. 95 at 9). ESI also argues that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *Id.* at 14. Plaintiffs counter that they are not required to exhaust administrative remedies under the TRICARE regulations (ECF No. 99 at 4) and that the First Amended Complaint contains sufficient factual allegations. (ECF No. 99 at 10-30). While the Court agrees with Plaintiffs that they are not required to exhaust administrative remedies before bringing a TRICARE action, the Court also agrees with ESI that the rationales behind the exhaustion doctrine nevertheless weigh in favor of dismissal.

The TRICARE regulations "provide an extensive administrative appeal process." *Trauma Serv. Grp. v. Keating*, 907 F. Supp. 110, 113 (E.D. Pa. 1995). But "[t]he statutes and regulations governing TRICARE do not mandate the exhaustion of administrative remedies." *N. Michigan Hosps., Inc. v. Health Net Fed. Servs., LLC*, 344 F. App'x 731, 738 (3d Cir. 2009). Where Congress does not clearly require exhaustion, it is within the Court's discretion to decide that exhaustion is nevertheless warranted in a particular case. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

In *Northern Michigan Hospitals, Inc. v. Health Net Federal Services, LLC,* two hospitals sued a TRICARE managed care support contractor for breach of an implied-in-fact contract and unjust enrichment. *N. Michigan Hosps., Inc. v. Health Net Fed. Servs., LLC*, No. CIV.A. 07-039 GMS, 2008 WL 2233964, at *2 (D. Del. May 30, 2008), *aff'd*, 344 F. App'x 731 (3d Cir. 2009). The contractor moved to dismiss the action on the basis that the hospitals did not avail themselves of the administrative remedies available under the TRICARE program. *Id*. at *6. The hospitals countered that their claims were not of the type typically appealable under the TRICARE regulations. *Id.* The district court determined that the hospitals' claims were eligible for administrative review and that review "would allow the agency to apply its special regulatory expertise to the dispute." *Id.* at 7 (citing *McCarthy*, 503 U.S. at 145). The district court also concluded that exhaustion "would produce a factual record and the agency's position for later judicial review." *Id.*

On appeal, the Third Circuit explained that an issue is appealable under the TRICARE regulations if it involves a "[d]isputed question[ ] of fact which, if resolved in favor of the appealing party, would result in the authorization of CHAMPUS benefits." *N. Michigan Hosps., Inc.*, 344 F. App'x at 737 (citing 32 C.F.R. § 199.2). The court determined that "[t]he central claim presented in the Hospitals' complaints is best understood as a challenge to the denial of payment, which is an appropriate issue for administrative appeal." *Id.* at 738. The Third Circuit also explained that even where exhaustion is not required, courts should "be guided by rationales advanced for the judicially created exhaustion doctrine." *Id.* (citation and internal quotation marks omitted).

According to the Eighth Circuit, the exhaustion requirement serves four primary purposes: (1) discouraging frequent and deliberate flouting of administrative processes; (2) respecting

4

agency autonomy by allowing an agency the opportunity to apply its expertise and correct its own errors; (3) aiding judicial review by allowing the parties and the agency to develop the facts of the case in the administrative proceeding; and (4) promoting judicial economy by avoiding needless repetition of administrative and judicial factfinding. *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 263 n.3 (8th Cir. 1996) (cleaned up). The Third Circuit applied nearly identical rationales in *N. Michigan Hosps., Inc.* and determined that exhaustion was warranted. *N. Michigan Hosps., Inc.*, 344 F. App'x at 738-39. In doing so, the Third Circuit rejected the hospitals' argument that administrative remedies would be futile: "In order to invoke the futility exception to exhaustion, a party must provide a clear showing of futility before the District Court." *Id.* (cleaned up). "Far from being futile, it remains possible that recourse through the administrative appeals process may result in an award of additional reimbursement to the Hospitals." *Id.* While *N. Michigan Hosps., Inc.* is not controlling in this Circuit, it offers a sound and logical approach for determining whether exhaustion is warranted in this particular case.

Here, the crux of Plaintiffs' First Amended Complaint is that ESI owes Plaintiffs money for various claims. As the Third Circuit explained, an issue is appealable under the TRICARE regulations if resolution of the issue would result in the authorization of benefits. *Id*. at 737; 32 C.F.R. § 199.2. The regulations explicitly permit agency review of decisions that adversely affect "participating providers," including denial of status as an authorized provider. 32 C.F.R. § 199.10(a). There is little doubt that this dispute, if resolved in Plaintiffs' favor, would result in the authorization of payments to Plaintiffs and/or reinstatement of Plaintiffs as authorized providers. Thus, the Court finds that the issues in this case are appealable under the TRICARE regulations. The question then becomes whether the rationales underlying the exhaustion doctrine weigh in favor of requiring exhaustion in this particular case. The Court finds that they do.

*First*, requiring exhaustion under these circumstances would discourage deliberate flouting of administrative procedures. If the Court permitted the litigation to move forward at this juncture, Plaintiffs would have little incentive to proceed with their administrative appeal. What is more, it is plausible that contemporaneous review by the Court and the DHA would result in conflicting determinations, thereby creating an unnecessarily confusing situation for all involved. *Second*, the DHA has not had the opportunity to apply its expertise and correct the alleged errors regarding Plaintiffs' claims. The Court is not persuaded that it should interfere in this matter before the DHA has had an opportunity to apply its expertise. *Third*, there is no doubt that the DHA has more experience and expertise when it comes to TRICARE claims. After all, the DHA is tasked with administering the program. *Fourth*, by permitting the DHA to finish its administrative review, the Court is promoting judicial economy by not simultaneously compiling its own factual record. There is no compelling reason for both tribunals to expend resources on the same task.

In their Memorandum in Opposition, Plaintiffs assert that there are "glaring differences" between the claims in this case and the claims before the DHA. (ECF No. 99 at 6). According to Plaintiffs, the issues pending before the DHA include: (1) whether Plaintiffs should be excluded from TRICARE as institutional providers; (2) whether Plaintiffs' claims were accurate; (3) whether patient safety was compromised; (4) whether TRICARE should monitor Plaintiffs' future claims; (5) whether Plaintiffs complied with the TRICARE reimbursement and billing policies; and (6) whether Plaintiffs' billing practices caused TRICARE to lose money. *Id.* at 5-6. But despite Plaintiffs' characterization of the claims, the relief sought is identical in both cases—$7,291,006.00 in allegedly withheld reimbursements. (ECF No. 82-31 at 41). There is little doubt that the DHA is better equipped to determine whether Plaintiffs violated the TRICARE regulations and whether Plaintiffs are entitled to millions of dollars in reimbursement under those regulations.

6

After all, the purpose of a formal review under TRICARE is to decide whether an initial determination "was made in accordance with law, regulation, policies, and guidelines in effect at the time the case was provided." 32 C.F.R. § 109.10(b)(2). Ultimately, the Court is unpersuaded by Plaintiffs' conclusory statement that the DHA cannot grant the relief sought. (ECF No. 99 at 3). "The central claim presented in [Plaintiffs'] complaint is best understood as a challenge to the denial of payment, which is an appropriate issue for administrative appeal." *See N. Michigan Hosps., Inc.*, 344 F. App'x at 738.

Even if the Court agreed that there are "glaring differences" between the two cases—and it does not—the issues before the DHA are highly relevant to this case. For example, Plaintiffs argue in their First Amended Complaint that ESI breached at least three contracts. But a finding that Plaintiffs first violated certain TRICARE requirements could be a death knell to those claims because, under Missouri law, "a party to a contract cannot claim its benefit where he is the first to violate it." *Randy Kinder Excavating, Inc. v. J.A. Manning Constr. Co., Inc.*, 899 F.3d 511, 517 (8th Cir. 2018) (internal quotation marks omitted).

Finally, Plaintiffs argue that administrative review would be futile. (ECF No. 99 at 7). "An administrative remedy will be deemed futile if there is doubt about whether the agency could grant effective relief." *Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.3d 992, 1000 (8th Cir. 2006) (citation omitted). To successfully invoke the futility exception, a party must make a "clear and positive showing" that administrative review would be futile. *N. Michigan Hosps., Inc.*, 344 F. App'x at 738. Plaintiffs make no such showing. "Far from being futile, it remains possible that

7

recourse through the administrative appeals process may result in an award of additional reimbursement to [Plaintiffs]." *Id.* at 739.[1]

### Conclusion

At bottom, Plaintiffs seek the same recourse from the Court that they seek from the DHA—$7,291,006.00 in allegedly withheld reimbursements. (ECF No. 82-31 at 41). For the foregoing reasons, the Court finds that exhaustion of administrative remedies is required in this case. Thus, the Court need not address whether dismissal is warranted under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that ESI's Motion to Dismiss Plaintiffs' First Amended Complaint is **GRANTED**. (ECF No. 92). An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of March, 2023.

---

[1] As to Plaintiffs' argument that ESI flouted its contractual obligation to provide appellate review, that issue cannot be decided at this point. Plaintiffs' appeal is still pending before the DHA. There is no indication that the DHA or ESI have denied Plaintiffs' appeal, let alone dismissed it without consideration. It would be incongruous for this Court to find that the DHA improperly withheld appellate review while the DHA is actively engaged in appellate review of Plaintiffs' claims.